IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LILLIAN ROBINSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  3:15-cv-670-WKW |
| ) | [wo] |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 25, entered 11/17/15).  Now pending before the Court is a Motion for Remand (Doc. 5).  The motion is fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion for Remand be **DENIED** as discussed within this opinion.

          **I.**        **FACTS AND PROCEDURAL HISTORY**

Plaintiff Lillian Robinson ("Robinson" or "Plaintiff") signed a mortgage with Defendant Wells Fargo Bank N.A. ("Wells Fargo" or "Defendant") for $144,962.00.  The mortgage was secured by her real property on McClure Road, Seale, AL 36785.  Robinson alleges that while she was in Afghanistan working for the U.S. Army as a military contractor her house burned down.  Robinson attempted to use the insurance proceeds to the mortgage balance which would have left a balance of approximately $6,605.24.  She requested the insurance money be utilized as a "short payoff" and was awaiting approval from Wells Fargo.  However, on January 16, 2015, instead of approving the payoff, Defendant sold the property at foreclosure for $21,504.01.

On June 2, 2015, Wells Fargo approved a rescission of the foreclosure contract.  On June 16, 2015, Wells Fargo once again notified Robinson that she was behind on payments and referred the property to foreclosure.

Robinson filed a complaint in Russell County, Alabama Circuit Court on August 12, 2015.  *See* Doc. 1, Exhibit A, Complaint.  On September 16, 2016 at 3:01 p.m., Wells Fargo filed a notice in the Russell County Circuit Court that the case was being removed to federal court.  *See* Doc. 1, Exhibit B.  On September 17, 2015, Wells Fargo filed a Notice of removal in this court based on an assertion of original jurisdiction.  *See* Doc. 1, generally.  Specifically, Wells Fargo states in the Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1331.  Wells Fargo states the basis of original jurisdiction is Plaintiff filed a claim under the Real Estate Settlement Procedures Act ("RESPA").

On September 16, 2015 at 3:29 p.m. (28 min after the notice filed in state court), Plaintiff's counsel also sent an email with a demand of $85,000.00 wherein she also stated "mental anguish is recoverable for actions in wrongful foreclosure."  *See* Doc. 8, Exhibit B.[1]  On September 23, 2016, Plaintiff attempted to file in Russell County Circuit Court an amended complaint to drop the RESPA claim.  She attached the amended complaint to her Motion to Remand.  *See* Doc. 5.  On October 16, 2016, Wells Fargo filed an Amended Notice of Removal wherein it sought to add diversity jurisdiction as an additional basis for federal court jurisdiction.  *See* Doc. 8.  Wells Fargo also filed its opposition to the motion to remand.  *See* Doc. 9.

In addition to the remand issues, Plaintiff also filed a motion for default judgment to which Defendant timely responded.  *See* Docs. 13, 15.  Afterwards, Plaintiff attempted to correct

---

[1] Below the $85,000.00 settlement demand email email is a "notice of miscellaneous filing" at 3:02 p.m. which would appear to be the notice of removal filed by Defendant.

her error and filed an Application to the Clerk for Entry of Default to which Defendant also responded in opposition and Plaintiff filed a reply and supplement brief.  *See* Docs. 16-17, 21. 23-24.  The back and forth continued with a Motion to Extend Time and several motions to strike.  *See* Docs. 26, 27, 29.  Finally, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Doc. 28.  On December 23, 2015, Plaintiff filed a response to the motion to dismiss and attached as an exhibit a Second Amended Complaint which she had attempted to file with the Russell County Circuit Court.  *See* Doc. 29, Atch 1.  On January 7, 2016, the Court entered an order noting to Plaintiff's counsel that the case had been removed and until such time as the Court had ruled on the motion to remand, all pleadings must be filed with this Court and in accordance with the Federal Rules of Civil Procedure.  *See* Doc. 31.  Despite the clear instructions by the Court, Plaintiff attempted to file her amended complaint without complying with Fed. R. Civ. P. 6(a)(1) and Fed. R. Civ. P. 15(a).  Therefore, the Second Amended Complaint was stricken by the Court.  *See* Doc. 33.

After this convoluted history and multiple filings, the Court will now resolve the motion that pertains to federal jurisdiction.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).  However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).  Defendant, as the party removing this action, have the burden of establishing federal jurisdiction.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th

Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III. DISCUSSION

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. 28 U.S.C. § 1331 provides that a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Turning to the original basis for removal, the Defendants assert the RESPA claim asserted in Count X of the complaint provides this court with jurisdiction pursuant to original jurisdiction under 28 U.S.C. §1331.

Plaintiff's complaint clearly identifies a claim under RESPA. Specifically, she states as follows on page 11 of her Complaint:

> COUNT X: VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
> 56. Instead of applying the insurance funds they received in a way allowed under the Mortgage, the Defendants wrongfully held this amount in escrow in violation of § 3500.17(c).

Though she mistakes "Procedures" in place of "Practices," the Court finds removal was appropriate based on the content of Count X. *See, e.g. Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) (unpublished) (removal to federal court was proper where plaintiff's state court complaint alleged violations of TILA, RESPA, and FDCPA). Though Plaintiff attempts to argue she could not recover under the cited section and that she is dropping

the claim in her attempts to amend, that plays no role in whether the case was properly removed. "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6, 127 S. Ct. 1397, 1409 n. 6, 167 L.Ed.2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("events occurring after removal…do not oust the district court's jurisdiction."). Further, "[t]he test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equipment Co.*, 917 F.2d 1491, 1494 (11th Cir. 1990) (quoting *Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986)); *see also Bell v. HCR Manor Care Facility of Winter Park*, 432 Fed. Appx. 908, 909 (11th Cir. 2011) (quoting *McGinnis*).

However, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). But, "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010) (citations omitted); *see also Boone v. JP Morgan Chase Bank*, 447 Fed. App. 961 (11th Cir. 2011) (quoting *Carnegie-Mellon* and *Myers*). Thus, should the Court consider permitting Plaintiff to amend her

complaint, it is obvious she fully intends to drop the RESPA claim[2] which leaves only state law claims which the Court would then promptly remand.

But as with everything in this case so far, it is more complicated than the federal claims simply being dropped to provide incentive for the Court to remand. A mere 28 minutes after the Defendant started the removal process, Plaintiff emailed a settlement demand in the amount of $85,000.00. *See* Doc. 8, Exhibit B. As a result, Wells Fargo filed an Amended Notice of Removal alleging diversity jurisdiction as an additional basis for this Court's jurisdiction. *See* Doc. 8, generally.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Wells Fargo did so with its initial notice of removal on the basis of the RESPA claim. However, they subsequently learned of diversity jurisdiction as an additional basis for removal based upon Plaintiff's $85,000.00 settlement demand. If a case cannot be determined to be removable from the face of the initial complaint, "a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212-13 (11th Cir. 2007) (quoting § 1445(b) and

---

[2] *See* Doc. 5, Atch 1; Doc. 29, Response to Motion to Dismiss, at p. 4 and Atch 1.

stating a defendant must remove within thirty days of receiving the document that provides the basis for removal.). Therefore, Wells Fargo supplemental reason for removal based on diversity jurisdiction was timely as it was filed within thirty days of the Plaintiff's $85,000.00 settlement demand.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The diversity of citizenship in this case is not in dispute. Plaintiff Robinson is a citizen of Alabama. Wells Fargo is chartered under the laws of South Dakota and its principle place of business is Sioux Falls, South Dakota. Further, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(c). Therefore, the complete diversity of citizenship exists.

Next, the Court looks to the amount in controversy. "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)).

Here, Plaintiff sent a very clear email stating "Our demand just increased to $85,000.00. Please recall that mental anguish is recoverable for actions in wrongful foreclosure." *See* Doc. 8, Exhibit B. Within hours, Plaintiff's counsel sent an additional email stating "Our offer of

$35,000.00 plus the return of the real property and costs is on the table until next Wednesday, the 23rd of September.  In the interest of an expedient resolution, however, please inform your client that at the time the offer will be taken off of the table, and the demand will increase to $50,000.00 plus the return of the property." *Id*.  In her original complaint, she indicates the property at one point was sold for $21,504.01.  *See* Doc. 1, Complaint at p. 4, ¶ 17.  In addition, in her attempted Amended Complaint, she states "return of the property at issue, currently valued at $21,504.01." *See* Doc. 8, Exhibit A, Amended Complaint at p. 11, Prayer for Relief.  Thus, within hours she has contradictory offers on the table.  The Court also looks to the attempted Amended Complaint in which Plaintiff summarizes her compensatory damages in her prayer for relief.  *Id*.  The amount comes to a total of $74,128.88.  However, in Count VIII: Conspiracy, Plaintiff also states a demand for "a separate amount of punitive damages." *Id*. at p. 10, ¶ 52; *see also* Doc. 29, Atch 1, Second Amended Complaint (Plaintiff again improperly attempts to amend her complaint, but Count VIII still shows Plaintiff intends to pursue punitive damages in addition to her $74,128.88 compensatory damages).[3]

The Eleventh Circuit has held that "[in]n some cases, [the amount in controversy] burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)).  "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation--provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755.

---

[3] The Court notes Plaintiff's attempts at amending her complaint were not in accordance with the Federal Rules of Civil Procedure and are thus only considered for the purposes of determining the controversy amount when considering the preponderance of the evidence standard.

Though Plaintiff facially attempts to obscure and/or bring her damages below the jurisdictional threshold, when considering all the above, it is obvious that the amount Plaintiff puts in controversy exceeds the $75,000.00 jurisdictional requirement. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). Rather, as we have in this case, it is more likely than not, the amount placed in controversy is over $75,000.00. Therefore, both elements of diversity jurisdiction are established.

"[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L.Ed.2d 525 (1997) (quoting *Carnegie-Mellon*, 484 U.S. at 350, 108 S. Ct. at 619). "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."

It is clear Plaintiff has sought at every turn to get this case remanded to the Russell County Circuit Court. She attempted to drop her federal claim and then tried to drop her damages to below the jurisdictional threshold. However, Plaintiff's preferences are not a concern for this court. Rather, the Court views its jurisdiction dispassionately, through the lens of whether or not jurisdiction exists. Here, the Court determines it does have jurisdiction. Accordingly, the case was properly removed to this court from state court, and the Motion to Remand is due to be denied.

## IV. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 5) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 22, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 8th day of April, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE