IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIAN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  3:15-cv-670-WKW |
| | ) | [wo] |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 25, entered 11/17/15).  Now pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 13).  The motion is fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion for Default Judgment be **DENIED** as discussed within this opinion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Lillian Robinson ("Robinson" or "Plaintiff") signed a mortgage with Defendant Wells Fargo Bank N.A. ("Wells Fargo" or "Defendant") for $144,962.00.  The mortgage was secured by her real property on McClure Road, Seale, AL 36785.  Robinson alleges that while she was in Afghanistan working for the U.S. Army as a military contractor her house burned down.  Robinson attempted to use the insurance proceeds to the mortgage balance which would have left a balance of approximately $6,605.24.  She requested the insurance money be utilized as a "short payoff" and was awaiting approval from Wells Fargo.  However, on January 16, 2015, instead of approving the payoff, Defendant sold the property at foreclosure for $21,504.01.

On June 2, 2015, Wells Fargo approved a rescission of the foreclosure contract.  On June 16, 2015, Wells Fargo once again notified Robinson that she was behind on payments and referred the property to foreclosure.

Robinson filed a complaint in Russell County, Alabama Circuit Court on August 12, 2015.  *See* Doc. 1, Exhibit A, Complaint.  On September 16, 2016, Wells Fargo removed this case to federal court.  *See* Doc. 1, Exhibit B.  Though Plaintiff sought to remand the case to Russell County, the Court determined removal was appropriate as was the continued exercise of jurisdiction.  *See* Docs. 35, 39.

Shortly after filing her motion to remand, on October 19, 2015 Plaintiff also filed a motion for default judgment.  *See* Doc. 13.  In the motion, Plaintiff properly cites to Fed. R. Civ. P. 81(c)(2) with the responsive pleading deadlines for removed actions.  She notes it is well over 21 days since Defendant was served with the initial pleading and summons.  She further notes it has been over 7 days since the notice of removal was filed.  However, Plaintiff filed the motion without first applying to the Clerk of Court for Entry of Default.

In response to the Court's show cause order, Defendant timely responded to the motion for default judgment in opposition to default judgment.  *See* Doc. 15.  Defendant asserts three reasons the motion for default judgment should be denied.  First, though no official answer or responsive motion had been filed, Wells Fargo had not "completed failed to defend."  Second, given the procedural posture of the case, it "makes sense" that Wells Fargo had not yet filed their motion to dismiss because they were first opposing the remand request.  Finally, Plaintiff failed to comply with the requirement to file an application for entry of default with the clerk.

On November 11, 2015, Plaintiff then filed an application for entry of default judgment with the Clerk of Court.  *See* Doc. 16.  In her application, she requests entry of default for the

sum certain of $74,128.88 and an order rescinding the Foreclosure Deed. *Id*. The next day, Plaintiff filed her reply on the motion for default judgment on November 12, 2015. *See* Doc. 21. In her reply, Plaintiff reiterates Defendant never responded to the Complaint and argues "Defendant has failed to defend this cause of action and has not argued that it committed excusable neglect." *Id*. at p. 3. Plaintiff also argues Wells Fargo has intentionally delayed these proceedings "for the purpose of frustrating expedient litigation and/or settlement." *Id*. at p. 6. She finally argues that an application for entry of default need to be made before a motion for default, only that one be made. *Id*. at 8. Therefore, she filed her application the day before "to remedy this procedural defect, if the Court should it one." *Id*. at p. 9. She concludes with an accusation that Defendant has abused the removal proceedings to intentionally delay the litigation. *Id*. at p. 10.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default by the clerk precedes the entry of default judgment. Fed. R. Civ. P. 55(a), (b); *see Stallworth v. Imani Envtl. Group, Inc.*, Civ. Act. No. 2:12-cv-814, 2013 U.S. Dist. LEXIS 64210, 2013 WL 1896193 (M.D. Ala. 2013) (Watkins, CJ). Following the entry of default, the party may apply to the court for a default judgment. *Id*.; *see also Wolfe v. Rodriguez*, 633 Fed. App. 524, 527 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)).

Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291,

1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys* and holding same).  The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available."  *Graveling v. Castle Mortg. Co.*, 631 Fed. Appx. 690, 698 (11th Cir. 2015) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

Further, the failure to defend does not automatically entitle a plaintiff to recover.  *See Nishimatsu Construction Company, Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court entering default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment entered.");  *see also Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief.");  *Bruce v. Wal-Mart Stores, Inc.*, 699 F.Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint.").  In other words, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

### III.  DISCUSSION AND ANALYSIS

At the outset, Plaintiff is correct in that Defendant did not file a timely answer or responsive pleading in accordance with Fed. R. Civ. P. 81(c)(2).  Defendant's answer in this case would have been due, at the latest, 7 days after the notice of removal.  The case was removed on September 17, 2015.  *See* Doc. 1.  Thus, the answer or responsive pleading would have been due long before the motion for extension filed on November 17, 2015.  *See* Doc. 26.  In fact, it is

clear Defendant only filed the request due to the pending motions and applications on default judgment.   Nonetheless, that alone does not mean Plaintiff is due default judgment for the $74,128.88 she seeks in her motion as the "sum certain."  *See* Doc. 13.

Plaintiff conflates default and default judgment.   As discussed above, Fed. R. Civ. P. 55 establishes a two-part process.   Entry of default never occurred.   Rather, Plaintiff skipped straight to filing her motion for default judgment.   Once the defendants responded identifying the procedural deficiency, she attempted to correct it with an Application to the Clerk for Entry of Default Judgment – which is still not an entry of default.   Once again when opposed by Defendants who identify that the application lacked the supporting documentation to obtain a sum certain, Plaintiff replies in an attempt to correct the deficiency and attaches her sworn affidavits to support the sum certain.  *See* Docs. 17, 23-24.   Thus, the Court finds that on that procedural deficiencies alone, the motion for default judgment merits denial.

However, even putting aside the procedural error, a simple review of the docket sheet will show that this case has been contentious and both parties actively representing their positions.   Defendant focused its energies on the jurisdictional question.  *See* Docs. 8-9.   As a result, Defendant made a procedural misstep and failed to timely respond as required by the Federal Rules of Civil Procedure.   While an error on the Defendant's part, the Court cannot conclude that Defendant has failed to defend its position.   Finally, especially in light of the disfavor bestowed upon default judgment, the Court finds this case should be litigated on the merits.

## IV. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion for Default Judgment (Doc. 13) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 2, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th day of May, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE